**CROSS COUNTRY INSURANCE AGENCY, INC., a Florida Corporation, Plaintiff, Counter-Defendant,**

v.

**LEATHERBY INSURANCE COMPANY, a New York Corporation, Defendant, Counter-Plaintiff and Third-Party Plaintiff,**

v.

**FINANCE INSURANCE PREMIUM, INC., a Florida Corporation, Third Party Counter-Defendant.**

**No. 73–1216–Civ–CA.**

United States District Court,
S. D. Florida.

Jan. 10, 1975.

On Motion for Rehearing Jan. 31, 1975.

Maynard J. Hellman, Miami, Fla., for plaintiff.

Shutts & Bowen, Miami, Fla., for defendant.

Samuel S. Forman, Miami Beach, Fla., for third party counter-defendant.

ATKINS, District Judge.

The plaintiff, Cross Country Insurance Agency, Inc. has now moved for a summary judgment declaring the Underwriting Manager's Agreement, dated January 4, 1971, illegal because it is in violation of Section 626.581, Florida Statutes. The threshold question is whether such statute governs the subject agreement. The issue of the applicability of this statute was extensively briefed for both parties and a stipulation as to certain facts was filed long before Cross Country's motion was submitted. The defendant, Leatherby Insurance Company, has made no response to the motion but previously urged a factual hearing. The Court, however, earlier indicated the possibility and now is convinced that a ruling can be made on the above limited issue without any further evidentiary development.

The question of the applicability, vel non, of the § 626.581, Florida Statutes, to the subject agreement is an issue of law under the facts disclosed by the file as is hereafter delineated.

## THE AGREEMENT

The Underwriting Manager's Agreement provided for Commissions based on the quality of the business written by Cross Country. The latter was to "manage the business  .  .  .  for the mutual benefit of both parties."

While Cross Country was to handle the adjustment of losses, Leatherby was to pay all claims (and certain expenses directly connected such as attorneys' fees) by means of bank drafts drawn on Leatherby by Cross Country. Leatherby reserved the right to approve claim payments in excess of $5,000.00, and at any time to assume complete control of the disposition of claims.

Cross Country was compensated by Leatherby at quarterly intervals on the bases of underwriting results of the business produced and supervised. Losses paid, reserves for unpaid claims, and a fixed charge for Leatherby of 17½% of the total premiums were deducted from these premiums. The balance was paid to Cross Country, or credited to it, as its compensation.

From its earnings, Cross Country had to pay its overhead expenses and other costs incident to managing and producing the business.

The compensation of Cross Country is contingent entirely upon underwriting results. If claims paid on policies written under the agreement exceeded

82½% of the premiums, Leatherby would bear the excess losses. Thus Cross Country may not sustain any out-of-pocket loss in the detemination of the retrospective compensation or commission.

### SECTION 626.581, FLORIDA STATUTES

This statute does not prohibit all contingent commission agreements. It precludes only those agreements that come within the restrictions of all conditions of the statute.

Before the prohibition of the statute applies, three requisites are necessary:

(1) The commissions must be "contingent upon savings effected in the . . . payment of losses,"

(2) "the agent acts as adjuster for claims;" and

(3) the agent "pays claims . . . from a stated percentage of the premiums collected or remitted to" . . . him "and retained by him."

Condition (1) is clearly met. As to condition (2) Cross Country employs a claims adjusting firm. Although Cross Country does not personally adjust claims, a fact question may exist as to whether the private firm acts independently or as an agent of Cross Country.

However, condition (3) is not met at all. Cross Country does not pay claims. All claims are paid by Leatherby from funds in its bank account in California where it maintains a principal place of business. No funds of Cross Country are used to pay claims.

Claims are not paid from premiums retained by the agent. It is admitted in the stipulation of facts (paragraph 12(d)), that all premiums were remitted to Leatherby monthly during the first year and a half of the agreement.

■■ It is evident that one of the prime purposes of the statute is to avoid a conflict of interest resulting in an agent's paying claims from premiums which he may use for his own purposes or for such payment. The Court at this time is not assured that the instant Agreement complies with the spirit of the statute. Cross Country receives as compensation the balance of premiums paid after *losses paid,* reserves for unpaid claims, and a fixed charge for Leatherby of 17½% of total premiums are deducted. Further, a claims adjusting firm hired by Cross Country determines losses paid. The Court is, nevertheless, bound by the legislative scheme. Requisite (3) of Fla. Statute 626.581 has not been satisfied.

Accordingly, summary judgment is hereby entered holding that the Underwriting Management Agreement, dated January 4, 1971, does not violate § 626.-581, Florida Statutes.

An order will be entered forthwith for a pretrial conference and trial on the remaining issues.

### AMENDED ORDER OF SUMMARY JUDGMENT ON THE ISSUE OF THE APPLICABILITY OF F.S. 626.581 TO UNDERWRITING MANAGER'S AGREEMENT DATED JANUARY 2, 1971

#### ON MOTION FOR REHEARING

This cause having come before the Court on plaintiff/counterdefendant Cross Country Insurance Agency, Inc.'s and Third Party Defendant/Counterplaintiff Finance Insurance Premium, Inc.'s motion for rehearing and certification and motion for continuance and the Court having considered the memoranda of counsel and being otherwise fully advised, it is hereby ordered and adjudged that

1. The Court's order of January 10, 1975 involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of this litigation. *See* Ponce de Leon Underwriters, Inc. v. Balboa Insurance Co., v. Charles Tobin Relietta G. Tobin and U. S. Underwriters Inc., Order on plaintiff's motion for determina-

tion of applicability of F.S. 626.581, April 9, 1969, Case No. 68–1500–Civ–WM. The Court additionally notes that it has been unable to find opinions by the Florida Courts on the applicability of FS 626.581 to similar insurance agreements.

2. Upon filing of an appeal from the Amended Order of Summary Judgment, the pretrial conference and trial of this cause shall be continued until disposition of the appeal by the Court of Appeals. The parties are reminded that filing of an appeal shall *not* stay discovery in this cause. 28 U.S.C. § 1292(b).